The next case is Lee v. Smith. Mr. Smith, are you going to make the argument today? When you are ready, you may proceed. Please proceed. Good morning, Your Honor. May I please have the court? Yes, sir. This appeal results from the trial court's dismissal of the plaintiff's action on two grounds. One, prosecution, and for failing to amend a complaint pursuant to 735 ILCS 5-13-209C-4. In order to properly understand this matter, I believe a quick overview of the procedural history is necessary. Plaintiff Herman Lee was injured in an automobile accident on October 26, 2002. Mr. Lee kindly filed his original complaint, and defendant was served on January 4, 2004. Defendant did not file his answer until August 24, 2004, approximately eight months later. But once the defendant's answer was filed, the original action proceeded relatively straightforward. The parties exchanged discovery, depositions were taken, and various doctors' depositions were taken. However, at some point in the original action, one of Plaintiff's primary treating physicians, his neurologist, became unavailable, and the parties didn't know what happened to him. It later turned out, after the fact that they discovered that he had passed away, but because plaintiff could not locate him, could not depose him, plaintiff voluntarily dismissed his case on August 8, 2008. Plaintiff kindly refiled the suit within a year, and in the course of attempting to serve, Adolph, I've always said Doodle-A, but Doodle-A, in the process of attempting to serve him, plaintiff discovered that he had passed away in the year preceding. So, after voluntary dismissal, but prior to refiling. Lee promptly sought substitution, and the trial court entered into order on September 1, 2009, substituting the personal representatives of Mr. Adolph Doodle-A. They substituted, sorry, the trial court substituted the personal representatives as defendants. Now, defendants counsel knew that this case had been refiled as early as March of 2010, when she made an inquiry to the trial court, but no action was taken until approximately six months later, when defendants counsel filed a motion to dismiss for want of prosecution, and a motion to dismiss for failure to effect diligent service. Plaintiff kindly responded, and defendants counsel withdrew their motion, pending, I guess, what would be a pending services process. On November 8, 2010, the defendants were served with summons, captioned as Adolph Doodle-A, deceased, Holly Joanne Irwin, and Ava Kathleen McGee, substituted as his personal representatives. Along with the summons, they were served with the motion to substitute, the order of substitution, and the original complaint. Why didn't they file an amended complaint? Doesn't 209C require that? In retrospect, to window ambiguity, we would do that now. But it's our contention that substituting, actually substituting the personal representatives as the defendant, along with serving the motion to substitute, the summons, the order of substitution, and the original complaint, effectively serves as the amended complaint, giving defendants notice for purposes of due process. That's not what 209C says. 209C states, under C-401, it requires the party to file the, to amend his complaint, to substitute the personal representatives as defendant. We file a motion to substitute. It is our contention that the substitution is the end goal or the purpose of the statute. Well, it may be form over substance. I might even agree that it's form over substance. But then how do we get past it? Is there a case that says, if it's not filed and the trial court dismisses the complaint, that that's an abuse of discretion or should be reversed? Because I think the trial court used lots of other reasons that it should have never used. I'm in agreement with that. That's the only one I'm focused on. I don't know what my colleagues might think. Well, we would argue that this requires an interpretation of the statute. It's a de novo review in that, in being a de novo review. They think it's an abuse of discretion standard on the dismissal. They believe that the standard of review is abuse of discretion. For the law and the prosecution? The dismissal. Oh. Well, we believe that this court in Nagel did essentially the same thing where a plaintiff in Nagel, what happened was a special administrator, a father, filed a suit for his deceased son. Now, at the time of actually filing, he was not actually appointed special administrator. But the court, this court, determined in Nagel that the court determined that no amended complaint was filed. Because the plaintiff, I guess, complied with the substantive purpose of the statute. Importantly, though, I think it's critical to note that plaintiffs here never, I mean, sorry, defendants were not prejudiced in any way. Within two weeks of being served with the motion, with the summons motion to substitute, order substitution and original complaint, within two weeks they had their motion to dismiss on file. Clearly they understood the implication of what they were served with. Substantively, plaintiff's actions, I guess the better way to look at it is, for all practical purposes, had plaintiff complied with the letter of the law, filed an amended complaint, there would be no practical difference between the action plaintiff took and the letter of the law. Substantively, the defendants knew and were served with reasonable notice, or I guess with notice that was reasonable to make them aware of the pending suit. I think to hold otherwise would be elevating pure form over substance in this case. I would also like to touch on the second reason for, the second round for the court's dismissal of plaintiff's action, which was 4-1, prosecution. Plaintiff contends that the, plaintiff appeals the dismissal for want of prosecution because the trial court clearly abused its discretion by considering the amount of time that elapsed before plaintiff filed his original suit and before the statute of limitations were added. And second, by considering the amount of time that elapsed between plaintiff's voluntary dismissal and refiling, Illinois case law is quite clear that it is an abusive discretion for a trial court to consider those time periods, the time period prior to the statute of limitations ruling and the time period elapsing between a voluntary dismissal and refiling. In Lankford v. Century Insurance, this court held on review that in ruling on a 103B motion, which is reasonable diligence in obtaining service, the trial court may not consider the period or activities before the expiration of the statute of limitations. Similarly, the Illinois Supreme Court in case v. Galesburg, for the first time specifically stated that it was an abusive discretion for the trial court to consider the time that elapses between the dismissal of a plaintiff's complaint and its refiling. And I believe, Your Honor, that this case, the current case, proves almost exactly like the Hatchett case in which the trial court was held to abuse discretion by one. The trial court stated in its order that the accident had occurred eight years earlier, which necessarily meant that the trial court was considering the time prior to the original filing and the time between the voluntary dismissal and subsequent refiling. And the court in Hatchett also noted that plaintiff filed his original action near the running of the statute of limitations and refiled near the end of the one-year limitations period following the voluntary dismissal. Here, the trial court did the exact same thing. Hatchett says that the trial court can't consider the length of time that the original case was pending and the fact that the matter was set for trial twice before it was voluntarily dismissed in deciding whether or not the trial court abused its discretion in dismissing the case. Isn't that what Hatchett says? Well, I'll read exactly what Hatchett says because you are right, but there's a qualifier at the end of it. At the end of the case, Hatchett states, Although the trial court was entitled to consider the circumstances of the original action, the court should not have considered the length of time the plaintiff waited before refiling her suit. During dependency of this appeal, our Supreme Court issued its decision in case specifically that the time that elapses between the dismissal of the plaintiff's complaint and its refiling pursuant to Section 13217 is not to be considered by the court. So what Hatchett and the case, so I guess we'll call it Galesburg, stated was that a trial court can consider the original action. However, there is a, I guess, a hard line at the moment that case is voluntarily dismissed until it's refiled that the court may not consider. They are considered separate entities that must be considered, I guess, individually and not blended into one period of time. I guess I would also like to state that aside from considering what plaintiff would argue is improper evidence, the record is just wholly insufficient to support a dismissal for one month of prosecution. There is no evidence that the plaintiff intended to abandon the underlying action. There was no evidence of any purposeful disregard for the trial court's action, trial court's orders. The plaintiff never missed a case management conference, never failed to appear, never disobeyed trial court's order. There is no evidence of any, I guess, purposeful intent to disregard the action or to thwart its progress. In addition, the record does reveal that the defendant also contributed to the delay. They waited eight months after servicing the original action to file their answer. Similarly, in the current action, after plaintiff responded to their original motion to dismiss for one month of prosecution and failure to effect diligent service, they withdrew the motion. And accordingly, the court, sorry, they withdrew their motion. The plaintiff issued summons on them and they filed essentially the exact same motion again. So the trial court clearly looked at the entirety, I guess, the entire period of time from the date the accident occurred until the date it weighed the motion and issued its order. In doing so, they held off conduct against the plaintiff when clearly both sides contributed to the delay, any delay in it. And both sides have, I guess, equal probability, for lack of a better word, in the delay. Finally, I want to point out, though, that the trial court specifically found that plaintiff was diligent in effecting service upon the defendant in its order. Also, the trial court specifically found that plaintiff diligently moved to substitute the defendants as, the personal representatives as defendants. The trial court here did not dismiss for one month of prosecution. The trial court dismissed for a failure to effect, a failure to file an amended complaint. And, Your Honors, if you don't have any more questions, I believe I am finished. Thank you. Thank you. And, Ms. Brown, would you please present your argument? Good morning. Good morning. May I please have a word? Yes, ma'am. Thank you. As plaintiff's counsel discussed, we're here today regarding the trial court's dismissal of this case on a number of grounds, including the plaintiff's failure to comply with 735 ILCS 513-209C, and also plaintiff's issues regarding failure to prosecute and failure to effect diligent service. We believe that the trial court did not abuse its discretion in reaching that decision, and we'll discuss some of these arguments in turn. First out, with respect to failure to comply with the statute, 5-13-209C has specific requirements, and there are mandates in the terms and language of the statute specifically stating that all of the following terms and conditions must be met, and there's four terms listed, C-1, 2, 3, and 4. Plaintiff alleges that their failure to file an amended complaint under this statute, in effect, elevates form over substance, and that their service of the order of substitution, the summons, and the original complaint should be sufficient to comply with the statute. However, the statute's requirement of the amended complaint is, in fact, the substance, form is the substance that the plaintiff must comply with all of the conditions. C-1 specifically requires that the party, here the plaintiff, proceeds with reasonable diligence to move the court for leave to file an amended complaint. Here, the plaintiff never asked for leave to file an amended complaint. There was only a motion for substitution, which was granted. C-4 further states that in no event can a party commence an action under this subsection C unless a personal representative is appointed and an amended complaint is filed. Throughout the statute, there's references to specifically the amended complaint. It's in there twice. I don't think that the plaintiff can assert that that's merely a technicality. I would assert that it, in fact, is a directive with which they should have complied, and that the trial court did not abuse its discretion in ruling that they failed to do so, and thus dismissing the case. To permit a plaintiff at this point to be able to proceed with this case in violation of the clear terms of the statute, I think would create bad precedent. In effect, will this statute move if, in effect, the amended complaint requirement is not met with? Additionally, and personally I disagree with the trial court in this regard, C-2 requires that the party proceed with reasonable diligence to serve process upon a personal representative. In this case, the matter was refiled in August of 2009. The defendants, by way of a personal representative, weren't served until September of 2010. That's a little bit over a year. We would argue that one year for service under these circumstances is not reasonable diligence. So you don't believe it's form over substance, which was the language in Nagel, if we affirm the trial? Correct. And, of course, with no disrespect to this panel, Your Honor, I would say a statute that gives specific directions is necessary and requires compliance. If, for example, this court says that a cover on a legal brief must be yellow, and I turn in an orange one, I can't come in later and say, well, Your Honors, it's close enough on the color wheel. You knew it was kind of yellowish. Let it go. I don't think that small edits to a statute by way of attempted compliance, especially when the requirement for the amended complaint is in there twice, I don't think it's sufficient. I don't think that's a form over substance issue. Again, no disrespect to the court as to the private ruling. On the issue of the amended complaint alone, I think the trial court's decision should be upheld. There are also issues with respect to the court's ruling on the motion to dismiss a failure to prosecute. There's an underlying case in this matter that was filed in 2004 regarding this accident in 2002. That underlying case proceeded until the plaintiff's voluntary dismissal in 2008. There was never a trial in that cause. There were new attorneys that were substituted in 2007, shortly before trial setting. The defendants were forced to file a motion to compel with respect to plaintiff's continued treatment in 2007. The deposition of one of the plaintiff's primary physicians was never taken, and now, in fact, that physician is dead. Each defendant, Mr. and Mrs. Dodelia, are now also deceased. Accordingly, there would be a sufficient finding of prejudice, and the trial court could find that there is prejudice, in fact, to the defendants in this cause, in light of those facts. The defendants have now been denied an opportunity to take the deposition of the primary treating physician. And although plaintiff has alleged that he may seek a new physician, that would be prejudicial to the defendants because you have to deal with a new doctor and a new onset of treatment 10 years after the accident at issue. Plaintiff also discussed these arguments before this court, the issue of the trial court considering the time frame between the voluntary dismissal and the refiling, and also the time frame before the initial complaint was filed in the underlying case. Under Rule 103B, and also some of the case law cited in defendants' briefs, the trial court can look to the totality of the circumstances in determining, A, whether there is a lack of diligence and service, and B, also whether there is a failure to prosecute. The court looked at the underlying case, which was voluntarily dismissed, and also the fact that there was no activity in the refiled case for a year, no activity after the substitution of the defendants by plaintiff in reasonably reaching their decision that the case should be dismissed. The plaintiff alleges that they did not evidence any intent to abandon their case, but a review of all the facts of the circumstances, facts and circumstances in the underlying case, and also the lack of activity after the refiling, evidences an intent that they did not wish to proceed with their case. A plaintiff also discussed a few cases in their briefs, and we also addressed some of these cases in our brief, regarding Langford, Case, and Hatchet. Notably, in these cases, they did not have the issue that we have here, that each defendant is now deceased, and also that the plaintiff's treating physician is deceased. Our circumstances are distinguishable on those facts. Also, in Case and Hatchet, although the court in those cases remanded the case and sent it back to the trial court for further review and reconsideration, they did not specifically reverse the dismissal, but sent it back for the court to determine whether or not there was sufficient evidence to uphold the dismissal in light of the improperly considered facts. We would argue here that in the event this court would send the case back, and we don't want you to, but in the event that you did, we believe the trial court would be entitled to maintain its ruling and uphold the dismissal. The court's order is 11, 12 pages, give or take, and if you went through with a black marker and took out the few sentences that reference the four days before the case was filed, the three days before the statute of limitations expired, there's still nine or ten pages of reasons as to why the case should be dismissed. I don't think that we should throw out the baby with the bathwater in that there's enough evidence, and there was enough evidence for the court to sustain its ruling on all counts with respect to the statute and also the warrant of prosecution in this case. We believe the trial court's ruling should be upheld. Okay, thank you. Thank you. Any rebuttal argument? Your Honor, Plinkett would just like to reiterate once again that the Galesburg, the case versus Galesburg case, and Hatchett specifically stated that although the trial court can consider the entirety of the original, the original action and the refiled action, it specifically stated that you cannot factor in the time periods prior to the original filing and before the statute of limitations were in and the time in between the voluntary dismissal and refiling. In Hatchett, the court stated that the trial court may have been able to dismiss the case for the warrant of prosecution had they not considered the intermediate time period. But since they did, since the trial court did, it was remanded to the court its discretion by considering that information. Secondly, the trial court found that Plinkett proceeded with diligence to serve the substitute defendants. The order clearly states that by substituting, by moving to substitute, and by having the order entered to substitute, Plinkett complied with both C1 and C2 by effecting service, moving to serve the defendants. Do you agree with our opposing counsel that Case, Nagel, and Lange are distinguishable because here all the original defendants are now deceased? Is that correct? They are deceased? Well, yes, they are. However, for purposes of this appeal, they would have been deceased no matter – If Plinkett went to trial the very next day after refiling, they were still deceased. There was no prejudice as a result of any delay in the refiled action. Plinkett is entitled to voluntarily dismiss his case and he's entitled to refiling. The argument that the defendant was prejudiced as a result of that, when the defendant passed away prior to refiling, essentially contradicts the purpose of 5-13-209C, which is to preserve a right when a plaintiff files against a defendant who has knowingly passed away, which is the case here. The trial court, once again, aside from considering the time periods prior to the statute of limitations running in and the time period between the voluntary dismissal and refiling, the trial court considered, I guess, construed all time periods strictly against the plaintiff. I don't think any of us dispute that the trial court used a lot of long reasons. I appreciate that. It's our conclusion that the plaintiff wasn't the only culpable party here. The defendant was culpable as well. The parties preceded. Neither party could actually get in contact with Plinkett's treating physician to schedule the deposition. Plinkett had a good reason why there was delay in the original action. His treating neurologist, who was going to perform a large basis of his damage evidence, disappeared. In oral arguments at the trial court level, I stated that the defendant's counsel acknowledged the inability to locate the treating physician. As a result, there was no intentional effort to thwart the progress of the action. There was no conspiracy by Plinkett to drag this thing out as long as possible. Plinkett simply had, I guess, Plinkett's, arguably Plinkett's most important witness to damages was unavailable. As a result, Plinkett voluntarily dismissed, which he's allowed to do. And he refiled time, which he's allowed to do. So, for purposes of the want of prosecution dismissal, plaintiffs believe the court abuses discretion by improperly considering the time periods which we discussed. And because the evidence simply doesn't support that finding.  We appreciate the arguments and briefs, and we'll try to get to a decision on the earliest possible date.